UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEA E. RUTHERFORD and<br>HARVEY RUTHERFORD, JR. h/w<br>1429 POPLAR CREEK ROAD<br>OLIVER SPRINGS, TN 37840<br>                    Plaintiffs<br>v.<br><br>UNITED STATES OF AMERICA, d/b/a<br>UNITED STATES DEPARTMENT OF THE ARMY<br>22 ASHBURN DRIVE, ROOM 104<br>CARLISLE, PA 17013<br>          and<br>CODY L. WHETZEL<br>853 ABIDING WAY<br>GERRARDSTOWN, WV 25240<br>                    Defendants | CIVIL ACTION – LAW<br><br>NO.:<br><br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION – COMPLAINT

Plaintiffs Lea E. Rutherford and Harvey Rutherford, Jr., by and through their attorneys, Astor Weiss Kaplan and Mandel, LLP, hereby file this Complaint and seek monetary damages against Defendant United States of America d/b/a United States Department of the Army and Defendant Cody L. Whetzel jointly and/or severally, as follows:

### JURISDICTION AND VENUE

1.      This action against Defendant United States of America, doing business as the United States Army, is one arising under the Federal Tort Claims Act, 28 U.S.C.S. §2671 et seq. This Honorable Court is vested with jurisdiction pursuant to 28 U.S.C.S. §1346(b).

2.      Venue is proper in this Honorable Court pursuant to 28 U.S.C.S. §1402(b) as the acts or omissions complained of occurred in this District.

3. This Honorable Court is vested with supplemental jurisdiction over the action against Defendant Cody L. Whetzel pursuant to 28 U.S.C.S. §1367(a).

## THE PARTIES

4. Plaintiffs Lea E. Rutherford and Harvey Rutherford, Jr. are husband and wife and are adult citizens of Tennessee with a residence of 1429 Polar Creek Road, Oliver Springs, TN 37840.

5. Defendant United States of America is, and was at all times relevant thereto, doing business as the United States Department of the Army (hereinafter "United States Army"), with offices located at 22 Ashburn Drive, Room 104, Carlisle, PA 17013.

6. Defendant Cody L. Whetzel is an adult citizen of the State of West Virginia with a residence of 853 Abiding Way, Gerrardstown, West Virginia 25240, who at all relevant times was an agent, servant, workmen and/or employee of Defendant United States of America doing business as the United States Department of the Army.

## STATEMENT OF CLAIM

7. On June 22, 2015, at approximately 12:19 p.m, Plaintiff Lea Rutherford was the operator of a 2010 Kenworth tractor trailer.

8. Plaintiff Lea Rutherford was driving in the left lane Northbound on Interstate 81 in Cumberland County, Pennsylvania near mile marker 46.8.

9. Plaintiff Harvey Rutherford, Jr. was in the sleeping cabin of Plaintiffs tractor trailer.

10. On that date and at the time, Defendant Whetzel, as an agent of and in the course and scope of employment with Defendant United States Army, was operating a 2002 Freightliner.

11. On that date and at the time, Defendant Whetzel was driving as part of an Army convoy of three vehicles.

12. On that date and at the time, Defendant Whetzel was traveling in the right lane Northbound on Interstate 81 in Cumberland County near mile marker 46.8.

13. On that date and at that time, Defendant Whetzel attempted to move from the right lane into the left lane as he approached an on ramp where other vehicles were attempting to enter the Interstate.

14. Defendant Whetzel failed to ensure that the left lane was clear and started to change lanes directly into the path of Plaintiffs striking Plaintiffs' vehicle when Defendant Whetzel did not have the right of way.

15. Plaintiffs tried to avoid the crash but were unable to stop before the crash.

16. The impact of the crash caused by Defendants caused Plaintiffs' vehicle to continue approximately one third of a mile down the Interstate before ultimately coming to a rest.

17. The impact of the crash caused by Defendants caused Defendants vehicle to drive through a guard rail before ultimately coming to a rest in the grassy median.

18. As a result of the force of said crash, both Plaintiffs and Defendants' vehicles were extensively damaged and could not be driven from the scene.

19. Defendant Whetzel was found by the Pennsylvania State Police to have caused the crash by his careless passing or lane change and was cited with violating 75 Pa.C.S.A §3309 ("Driving on roadways laned for traffic").

20. This statue require that "A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from the lane until the driver has first ascertained that the movement can be made with safety." 75 Pa.C.S.A §3309(1).

21. As a result the crash and as set forth herein, Plaintiff Lea Rutherford and Plaintiff Harvey Rutherford, Jr. both suffered serious and permanent injuries amongst other injuries and/or damages.

22. The aforesaid crash resulted solely from the negligence, carelessness of Defendants, and was in no manner whatsoever due to any act or failure to act on the part of Plaintiffs.

## COUNT I - NEGLIGENCE

**Plaintiffs Lea Rutherford and Harvey Rutherford, Jr. v. Defendant United States of America d/b/a United States Department of the Army**

23. Plaintiff Lea Rutherford and Plaintiff Harvey Rutherford, Jr. hereby incorporate by reference thereto each and every one of the above paragraphs as though they were herein set forth at length.

24. Plaintiffs filed a claim under the Federal Tort Claims Act on August 18, 2016 and as a result, Plaintiffs are permitted to bring this action in the United States District Court.

25. As a result of timely filing the Federal Torts Claim Notice, this action is timely.

26. The negligence, carelessness and reckless conduct of Defendant United States of America d/b/a the United States Army, by and through its agents and employees, which caused the aforesaid crash consisted of:

    a.    Negligently entrusting Defendant Whetzel to drive the subject vehicle when it knew or should have known that Defendant Whetzel did not possess the requisite knowledge, skill and experience to ensure the safe and proper operation of the subject vehicle;

    b.    Negligently entrusting Defendant Whetzel to drive the vehicle when it knew or should have known that Defendant Whetzel possessed an increased propensity to negligently operate the vehicle;

    c.    Negligently hiring, supervising, instructing and training Defendant Whetzel as to the safe and proper operation of the subject vehicle;

    d.    Failing to use due care while permitting Defendant Whetzel to drive the subject vehicle; and

    e.    Failing to properly inspect, maintain, repair and/or service the functionality mechanical issues relating to the subject vehicle so as to keep the subject vehicle in a safe and proper working condition at all relevant times.

26. This crash was caused solely by the carelessness and negligence of Defendants.

27. At all relevant times hereto Plaintiffs acted with due care and were not comparatively or contributorily negligent in the causation of this motor vehicle crash and their resulting injuries and damages.

28. As a direct and proximate result of Defendants' carelessness and negligence, Plaintiffs Lea Rutherford and Harvey Rutherford, Jr. suffered various severe and permanent personal injuries and/or aggravation or exacerbation of pre-existing conditions and/or serious impairments of bodily functions.

29. As a direct and proximate result of Defendants' carelessness and negligence, Plaintiff Lea Rutherford suffered permanent and significant injuries, including, but not limited to injuries to her: wrist, neck and low back requiring multiple invasive treatments.

30. As a direct and proximate result of Defendants' carelessness and negligence, Plaintiff Harvey Rutherford, Jr. suffered permanent and significant injuries, including, but not limited to injuries to his: low back and legs requiring multiple invasive treatments.

31. As a direct and proximate result of Defendants' carelessness and negligence, Plaintiffs Lea Rutherford and Harvey Rutherford, Jr. each have injuries that in the past, are presently, and may in the future cause each pain and discomfort, all to their great detriment and loss.

32. As a direct and proximate result of Defendants' carelessness and negligence, Plaintiffs Lea Rutherford and Harvey Rutherford, Jr. each have injuries that in the past, are presently, and may in the future necessitate rehabilitative care, pain management care, and invasive medical treatment all to their great detriment and loss.

33. As a direct and proximate result of Defendants' carelessness and negligence, Plaintiffs Lea Rutherford and Harvey Rutherford, Jr. each in the past, are presently, and may in the future experience substantial pain and suffering, all to their great detriment and loss.

34. As a direct and proximate result of Defendants' carelessness and negligence, Plaintiffs Lea Rutherford and Harvey Rutherford, Jr. each have injuries that in the past, are presently, and may in the future cause them to suffer embarrassment and humiliation to their great detriment and loss.

35. As a direct and proximate result of Defendants' carelessness and negligence, Plaintiffs Lea Rutherford and Harvey Rutherford, Jr. each in the past, are presently, and may in the future experience a loss of earnings and/or earning capacity, all to their great detriment and loss.

36. As a direct and proximate result of Defendants' carelessness and negligence, Plaintiffs Lea Rutherford and Harvey Rutherford, Jr. each in the past, are presently, and may in the future be prevented from attending to and/or is limited in conducting their daily activities, all to their great detriment and loss.

37. As a direct and proximate result of Defendants' carelessness and negligence, Plaintiffs Lea Rutherford and Harvey Rutherford, Jr. each in the past, are presently, and may in the future suffer a loss of life's pleasures which may continue for an indefinite future period to each Plaintiffs great detriment and loss.

38. As a direct and proximate result of Defendants' carelessness and negligence, Plaintiffs Lea Rutherford and Harvey Rutherford, Jr. continue to incur medical, rehabilitative, and other related expenses, all to their great detriment and loss.

**WHEREFORE**, Plaintiffs Lea E. Rutherford and Harvey Rutherford, Jr. respectfully request damages from Defendant United States of America d/b/a United States Department of the Army and Defendant Cody L. Whetzel in an amount in excess of the jurisdictional amount for arbitration.

## COUNT II - NEGLIGENCE

**Plaintiffs Lea Rutherford and Harvey Rutherford, Jr. v. Defendant Cody L. Whetzel**

39. Plaintiff Lea Rutherford and Plaintiff Harvey Rutherford, Jr. hereby incorporate by reference thereto each and every one of the above paragraphs as though they were herein set forth at length.

40. The negligence, carelessness and reckless conduct of Defendant Cody L. Whetzel, who caused the aforesaid crash consisted of:

   a. Operating his motor vehicle at an excessive rate of speed given the circumstances and traffic conditions;

   b. Operating his motor vehicle in violation of 75 Pa.C.S.A §3309 for careless passing or lane change;

   c. Violating 75 Pa. C.S. §3361 by failing to keep his motor vehicle under proper control and operate it at a speed which ensured that it could stop within the clear distance ahead;

   d. Operating his motor vehicle without due regard to the rights, safety, and position of Plaintiffs;

   e. Failing to prevent his motor vehicle from striking Plaintiffs' motor vehicle;

   f. Failing to keep a proper lookout;

   g. Failing to use due care under the circumstances;

   h. Failing to take evasive action in order to avoid impacting Plaintiffs' motor vehicle;

   i. Failing to apply his brakes in order to avoid striking Plaintiffs' motor vehicle; and

j.  failing to operate his vehicle in a safe manner consistent with the Rules of the Road and the Motor Vehicle Code of Pennsylvania.

41. This crash was caused solely by the carelessness and negligence of Defendants.

42. At all relevant times hereto Plaintiffs acted with due care and were not comparatively or contributorily negligent in the causation of this motor vehicle crash and their resulting injuries and damages.

43. As a direct and proximate result of Defendants' carelessness and negligence, Plaintiffs Lea Rutherford and Harvey Rutherford, Jr. suffered various severe and permanent personal injuries and/or aggravation or exacerbation of pre-existing conditions and/or serious impairments of bodily functions.

44. As a direct and proximate result of Defendants' carelessness and negligence, Plaintiff Lea Rutherford suffered permanent and significant injuries, including, but not limited to injuries to her: wrist, neck and low back requiring multiple invasive treatments.

45. As a direct and proximate result of Defendants' carelessness and negligence, Plaintiff Harvey Rutherford, Jr. suffered permanent and significant injuries, including, but not limited to injuries to his: low back and legs requiring multiple invasive treatments.

46. As a direct and proximate result of Defendants' carelessness and negligence, Plaintiffs Lea Rutherford and Harvey Rutherford, Jr. each have injuries that in the past, are presently, and may in the future cause each pain and discomfort, all to their great detriment and loss.

47. As a direct and proximate result of Defendants' carelessness and negligence, Plaintiffs Lea Rutherford and Harvey Rutherford, Jr. each have injuries that in the past, are

presently, and may in the future necessitate rehabilitative care, pain management care, and invasive medical treatment all to their great detriment and loss.

48. As a direct and proximate result of Defendants' carelessness and negligence, Plaintiffs Lea Rutherford and Harvey Rutherford, Jr. each in the past, are presently, and may in the future experience substantial pain and suffering, all to their great detriment and loss.

49. As a direct and proximate result of Defendants' carelessness and negligence, Plaintiffs Lea Rutherford and Harvey Rutherford, Jr. each have injuries that in the past, are presently, and may in the future cause them to suffer embarrassment and humiliation to their great detriment and loss.

50. As a direct and proximate result of Defendants' carelessness and negligence, Plaintiffs Lea Rutherford and Harvey Rutherford, Jr. each in the past, are presently, and may in the future experience a loss of earnings and/or earning capacity, all to their great detriment and loss.

51. As a direct and proximate result of Defendants' carelessness and negligence, Plaintiffs Lea Rutherford and Harvey Rutherford, Jr. each in the past, are presently, and may in the future be prevented from attending to and/or is limited in conducting their daily activities, all to their great detriment and loss.

52. As a direct and proximate result of Defendants' carelessness and negligence, Plaintiffs Lea Rutherford and Harvey Rutherford, Jr. each in the past, are presently, and may in the future suffer a loss of life's pleasures which may continue for an indefinite future period to each Plaintiffs great detriment and loss.

53. As a direct and proximate result of Defendants' carelessness and negligence, Plaintiffs Lea Rutherford and Harvey Rutherford, Jr. continue to incur medical, rehabilitative, and other related expenses, all to their great detriment and loss.

**WHEREFORE**, Plaintiffs Lea E. Rutherford and Harvey Rutherford, Jr. respectfully request damages from Defendant United States of America d/b/a United States Department of the Army and Defendant Cody L. Whetzel in an amount in excess of the jurisdictional amount for arbitration.

## COUNT III - LOSS OF CONSORTIUM

**Plaintiff Lea Rutherford v. Defendant United States of America d/b/a United States Department of the Army and Defendant Cody L. Whetzel**

54. Plaintiff Lea Rutherford herewith incorporates by reference thereto each and every one of the above paragraphs as though they were herein set forth at length.

55. Plaintiff Lea Rutherford avers that she is, and was at all times relevant hereto, the wife of Plaintiff Harvey Rutherford, Jr.

56. As a result of the injuries to Plaintiff Harvey Rutherford, Jr., as further set forth above, Plaintiff Lea Rutherford has been deprived of the society, companionship and assistance of her husband, all to her great damage and loss.

**WHEREFORE**, Plaintiffs Lea E. Rutherford and Harvey Rutherford, Jr. respectfully request damages from Defendant United States of America d/b/a United States Department of the Army and Defendant Cody L. Whetzel in an amount in excess of the jurisdictional amount for arbitration.

## VI. COUNT III - LOSS OF CONSORTIUM

### Plaintiff Harvey Rutherford, Jr. v. Defendant United States of America D/b/a United States Army and Defendant Cody L. Whetzel

57. Plaintiff Harvey Rutherford, Jr. herewith incorporates by reference thereto each and every one of the above paragraphs as though they were herein set forth at length.

58. Plaintiff Harvey Rutherford, Jr. avers that he is, and was at all times relevant hereto, the husband of Plaintiff Lea Rutherford.

59. As a result of the injuries to Plaintiff Lea Rutherford, as further set forth above, Plaintiff Harvey Rutherford, Jr. has been deprived of the society, companionship and assistance of his wife, all to her great damage and loss.

**WHEREFORE**, Plaintiffs Lea E. Rutherford and Harvey Rutherford, Jr. respectfully request damages from Defendant United States of America d/b/a United States Department of the Army and Defendant Cody L. Whetzel in an amount in excess of the jurisdictional amount for arbitration.

Respectfully submitted,

ASTOR WEISS KAPLAN & MANDEL, LLP

By: _____
DAVID L. WOLOSHIN, ESQUIRE
DINA S. RONSAYRO, ESQUIRE
JORDAN SCHLOSSBERG, ESQUIRE
DMITRY KOSTIN, ESQUIRE
**Attorneys for Plaintiffs Lea Rutherford and Harvey Rutherford, Jr.**